IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| WATLEY SEED COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-CV-1322-EFM/KMH |
| vs. ) | |
| ) | |
| RICHARD FLAX, ARLEN FLAX, ) | |
| GOLDEN BELT CO-OP ASS'N, INC., ) | |
| DEAN GOTTSCHALK, AUGUST HERMAN, JR., ) | |
| LELAND WERTH, JOHN FISCHER, ) | |
| and JOHN DOES 6-50, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

Plaintiff Watley Seed Company ("Watley") brings this action for damages and injunctive relief against Richard Flax, Arlen Flax ("the Flax Defendants"), Golden Belt Co-op Ass'n, Inc., Dean Gottschalk, August Herman, Jr., Leland Werth, John Fisher, and John Does 6-50 for unauthorized use of Watley's proprietary wheat varieties in violation of Plaintiff's rights under the Plant Variety Protection Act, 7 U.S.C. § 2321 *et seq*. ("PVPA"). Plaintiff alleges:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the laws of the United States, and 28 U.S.C. § 1338, which provides that district courts have original jurisdiction over any civil action arising under any Act of Congress relating to plant variety protection.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in Kansas.

## **THE PARTIES**

3. Plaintiff Watley is a sole proprietorship doing business in the State of Texas. Watley entered into an exclusive licensing agreement with Texas A&M University ("TAMU") to be the sole producer and marketer of TAM 112 wheat seed in certain areas within the United States.

4. Defendant Richard Flax is an individual residing in Ellis, Kansas.

5. Defendant Arlen Flax is an individual residing near Ellis, Kansas.

6. Formerly suggested as John Doe Defendant No. 1, Golden Belt Co-op, Ass'n, Inc., ("Golden Belt") is a cooperative doing business in Ellis, Kansas. Gold Belt is a Kansas Corporation and may be served through its Resident Agent, The Golden Belt Cooperative Association, Inc., at 10th and Monroe in Ellis, Kansas 67637. The mailing address is P. O. Box 138, Ellis, Kansas 67367. On information and belief, Defendant Golden Belt was instrumental in the sale or transfer of the TAM 112 wheat seed in the Ellis, Kansas region and facilitated numerous sales by the Flax Defendants with other Defendants. On information, Golden Belt weighed the wheat with knowledge that it was being sold as seed and with knowledge of the seed's variety name.

7. Formerly suggested as John Doe Defendant No. 2, Defendant Dean Gottschalk is an individual residing at 1444 Ellis Avenue, Ellis, Kansas 67637. On information and material provided by the Flax Defendants, Gottschalk sold, offered for sale, planted, or transferred TAM 112 to the Flax Defendants, among others.

8. Formerly suggested as John Doe Defendant No. 3, Defendant August Herman, Jr. is an individual residing at 205 W. 11th Street, Ellis, Kansas 67637. On information and material provided by the Flax Defendants, Herman purchased, bartered, received, planted, or exchanged TAM 112 with the Flax Defendants, among others. On information, Defendant

Herman additionally purchased and planted for reproductive purposes uncertified TAM 112 in prior years from unauthorized sources.

9. Formerly suggested as John Doe Defendant No. 4, Defendant Leland Werth is an individual residing at Rural Route 2, 20423 160th Avenue, Ellis, Kansas 67637. On information and material provided by the Flax Defendants, Werth purchased, bartered, received, planted, or exchanged TAM 112 with the Flax Defendants, among others.

10. Formerly suggested as John Doe Defendant No. 5, Defendant John Fischer is an individual residing at 301 2nd Terrace, Ellis, Kansas 67637. On information and material provided by the Flax Defendants, Fischer purchased, bartered, received, or exchanged TAM 112 with the Flax Defendants, among others.

11. The remaining Defendants John Does 6-50 are producers who sold, purchased, or facilitated the unauthorized transfer of PVP protected seed, or others who purchased unauthorized PVP protected hard red wheat seed from one or more Defendants.

## STATEMENT OF CLAIM

12. This action arises under the Plant Variety Protection Act, 7 U.S.C. § 2321 *et seq.*, which provides patent-like protection to breeders of certain varieties, and their assignees, who may acquire the right to prevent others from selling the variety for a period of twenty years. On August 22, 2006, TAMU made application to the Plant Variety Protection Office pursuant to § 2481 of the PVPA for protection of a novel variety of hard red wheat seed it had developed known as "TAM 112" hard red wheat seed variety. On February 6, 2007, TAMU obtained PVP Certificate No. 200600274 for the TAM 112 variety of hard red wheat seed. This Certificate was issued pursuant to 28 U.S.C. § 2482 in the name of the United States of America under the seal of the Plant Variety Protection Office and was recorded in the Plant Variety Protection Office. The duration of a PVP Certificate is twenty (20) years from the date of issuance, and Certificate

No. 200600274 is not scheduled to lapse until February 6, 2027. Plaintiff Watley entered into an exclusive licensing agreement with TAMU to be the sole producer and marketer of TAM 112 hard red wheat seed in certain regions within the United States and such agreement was operative at all times relevant herein.

13. The PVP Certificate for TAM 112 specified that the seed of the TAM 112 variety could only be sold in the United States as a class of certified seed, meaning that before sale the seed had to be certified by an approved governmental or private agency as to variety and purity.

14. At all times relevant herein, the PVP Certificate for the TAM 112 hard red wheat variety was in full force and effect.

15. From 2007 to the present, Watley authorized and sold only certified TAM 112 seed for further distribution to end users, and explicitly stated in labeling the PVP certificate number for TAM 112 that TAM 112 is a protected variety and that unauthorized propagation of TAM 112 is prohibited. All relevant containers of TAM 112 are marked as protected by the PVP, including a statement that unauthorized propagation is prohibited.

16. At all times relevant herein, the Flax Defendants, Gottschalk, Herman, Werth, Fischer, and Golden Belt (collectively referred to as "Defendants") had actual notice and knowledge that the TAM 112 hard red winter wheat seed variety was federally protected by the PVPA.

17. Section 2541 of the PVPA provides that it is an infringement of the owner's rights in a protected variety, *inter alia*, to sell or offer for sale the variety without authorization of the owner or to dispense the variety to another in a form that can be propagated without notice that it is a protected variety. Section 2541 also provides that it is an infringement to instigate or induce any act that constitutes an infringement.

18. The PVPA provides in § 2561 that an owner shall have a remedy by civil action for infringement of plant variety protection and that if the variety is sold under the name of the variety shown in the certificate, there is a prima facie presumption that the seed in the bag or lot is the protected variety. Under § 2562 of the PVPA, a certificate of plant variety protection is presumed to be valid.

19. Section 2563 of the PVPA provides that a court may grant an injunction to prevent violations of rights under the PVPA. Section 2564 of the PVPA provides that upon a upon a finding of infringement, the court shall award damages adequate to compensate for the infringement, but in no event less than a reasonable royalty, together with interest and costs. Section 2564 also provides that the court may increase the damages up to three times the amount determined and, in exceptional cases, the court may award reasonable attorney's fees under § 2565.

20. Section 2543 of the PVPA provides a crop exemption for growers and other persons that permits a bona fide sale of a protected variety into normal grain channels, but § 2543 does not exempt from PVPA protection the sale of seed of a protected variety for use as seed for reproductive purposes without the authorization of the owner. Section 2543 further provides that if a purchaser diverts seed from normal grain channels for use for reproductive purposes, that purchaser is deemed to have notice under § 2567 that its actions constitute an infringement of § 2541 for purposes of a damages action by the owner.

### DEFENDANTS' UNAUTHORIZED USES OF PVP PROTECTED WHEAT

21. On information and belief, the Flax Defendants, Gottschalk, Herman, Werth, and Fischer purchased uncertified wheat from a grower or growers who identified the seed as the TAM 112 variety of wheat, and the Flax Defendants, Gottschalk, Herman, Werth,

and Fischer planted said seed for reproductive purposes without Plaintiff's authorization. The foregoing purchase of uncertified seed from other growers constitutes an illegal use and, subsequently, illegal planting of the TAM 112 variety.

22. The Flax Defendants and Gottschalk have harvested their illegal planting and sold or offered for sale or replanted the harvest without restriction to other growers and without proper authority from Plaintiff. The foregoing act of harvesting and reselling constitutes an illegal sale or offer for sale of the TAM 112 variety.

23. The Flax Defendants and Gottschalk sold or offered for sale their harvest to others without proper labeling. This refusal to properly mark the TAM 112 variety in connection with transfers to other growers constitutes a separate violation of the PVPA.

24. The Flax Defendants have, in the past, obtained the TAM 112 variety with proper authority from authorized dealer(s); however, instead of planting, harvesting, and selling such legally obtained seed for traditional purposes, The Flax Defendants diverted the TAM 112 variety in question from normal grain channels for use as seed for reproductive purposes within the meaning of Section 2543 of the PVPA. The foregoing diversion of the TAM 112 variety from normal grain channels constitutes a separate violation of the PVPA.

25. The Flax Defendants and Gottschalk sold or offered for sale the seed they have diverted from normal grain channels through a practice known as brown bagging, in which a person or entity uses grain grown from proprietary seed and prepares it for use as seed without authorization of the owner of the proprietary seed. In some areas of the country, the grain is repackaged in seed bags, often brown, and the infringer sells the grain under the name of the variety from which the grain was grown. In Kansas, it is more typical to make an unauthorized sale of the grain in bulk without bagging, but the overarching practice of selling the harvest of a protected variety without authority of the original variety owner is still understood in the industry

as brown bagging. Defendants identity-preserved the harvest from their fields and thereafter sold or offered for sale the protected TAM 112 hard red winter wheat seed for use as seed to other growers. The foregoing diversion of the TAM 112 variety from normal grain channels constitutes a separate violation of the PVPA.

26. At no time were Defendants authorized to buy, transfer, use, ship, plant, or sell TAM 112 hard red winter wheat seed for reproductive purposes as described above.

27. At all times relevant to the complaints herein, Plaintiff only permitted the TAM 112 hard red winter wheat variety seed to be sold with written notice containing statutorily designated language signifying that the seed was protected under the PVPA, that unauthorized propagation or multiplication of the seed was prohibited, and that the use of the seed by the purchaser was authorized only for purposes of growing a commercial crop of wheat. Plaintiff required that such notice be substantially affixed to bags of TAM 112 hard red winter wheat seed they authorized or on notices accompanying bulk sales of their TAM 112 hard red winter wheat seed. In addition, Plaintiff also required proper PVP notices on marketing and promotional materials for the TAM 112 hard red winter wheat variety. Plaintiff also required payment of a fee for use of the technology.

28. The Flax Defendants and Gottschalk resold their TAM 112 hard red winter wheat seed without notice that the seed was subject to PVP protection, without identifying the PVP certificate holder or licensee, and without any other restrictions to prevent purchasers of the seed from using the seed to further replicate the seed. Defendants did not pay any fee for use of the technology.

29. The Flax Defendants, Gottschalk, Herman, Werth, and Fischer sold, offered for sale, or purchased the wheat by variety name and therefore had notice the variety was federally protected.

30. Upon information and belief, the Flax Defendants, Gottschalk, Herman, Werth, and Fischer sold or offered for sale a substantial quantity of TAM 112 hard red winter wheat seed for seeding purposes over the past several years. The Flax Defendants', Gottschalk's, Herman's, Werth's, and Fischer's unrestricted sale of the protected TAM 112 hard red winter wheat seed put Plaintiff at great risk of harm.

31. The Flax Defendants', Gottschalk's, Herman's, Werth's, and Fischer's sales also placed the reputation of the protected variety at risk since it was sold without the rigorous production standards employed by Plaintiff and without the certification by a governmental or private entity, which is required for TAM 112 PVP protected seed for sale as seed.

32. The Flax Defendants, Gottschalk, Herman, Werth, and Fischer are deemed under § 2543 of the PVPA to have had notice that their acts in diverting the TAM 112 hard red winter wheat seed from normal grain use for use as seed for reproductive purposes constitute an infringement of Plaintiff's rights under the PVPA.

33. The Flax Defendants, Gottschalk, Herman, Werth, and Fischer knew that the majority of hard red winter wheat seed sold legitimately in Kansas was subject to PVP protection, and they had ready access to information as to the PVP status of the TAM 112 variety.

34. The Flax Defendants, Gottschalk, Herman, Werth, and Fischer knew firsthand that federal law protected the TAM 112 variety yet willfully disregarded the law and sold the variety without restriction.

35. Golden Belt assisted with, facilitated, weighed, and/or cleaned the TAM 112 in advance of actual sales to downstream purchasers. The foregoing constitutes infringement of the TAM 112 wheat variety Certificate of Protection.

36. Defendants John Does 1-25 purchased the TAM 112 variety hard red winter wheat seed from any of the foregoing Defendants. Additionally, Defendants John Does 26-50 assisted with, facilitated, weighed, or cleaned the seed in advance of sales to downstream purchasers.

## COUNT I

## DAMAGES FOR INFRINGEMENT OF § 2541(a) OF THE PVP

37. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

38. Without authorization from Plaintiff, the Defendants used the TAM 112 variety in violation of the PVPA.

39. Without authorization from Plaintiff, Defendants sold and offered for sale the protected TAM 112 variety which they had diverted from normal grain channels for sale for reproductive purposes or which they had induced or instigated others to divert from normal grain channels.

40. All Defendants' actions constitute an infringement of Plaintiff's rights under § 2541 of the PVPA for which all Defendants, including Defendants John Does, are accountable in damages.

41. As the result of Defendants' actions, Plaintiff has suffered harm for which it is entitled to damages, including without limitation:

   a) Defendants' profits from the unauthorized sale of the TAM 112 variety or a reasonable royalty, whichever is greater; and

   b) Damage to the Plaintiff's reputation or the reputation of the TAM 112 variety by the sale of said variety that was not produced in accordance with Plaintiff's practices and standards.

## COUNT II

### INJUNCTION PURSUANT TO § 2563 OF THE PVPA

42. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

43. Plaintiff is entitled to injunctive relief pursuant to § 2563 of the PVPA as follows:

   a) Permanently enjoining any further sales or other disposition by Defendants of seed grown from Plaintiff's PVPA protected varieties, including the TAM 112 variety, for reproductive purposes;

   b) Requiring the destruction of all TAM 112 seed and wheat planted in Defendants' possession or control;

   c) Requiring the disclosure of the names and addresses of all persons or entities who sold TAM 112 hard red winter wheat seed to Defendants to assist in corrective measures for the varietal integrity;

   d) Requiring the disclosure of the names and addresses of all persons or entities who purchased TAM 112 hard red winter wheat seed from all Defendants; and

   e) Requiring an accounting of all sales for reproductive purposes and profits derived from such sales by Defendants of Plaintiff's protected varieties, including TAM 112 hard red winter wheat.

## COUNT III

### TREBLE DAMAGES AND ATTORNEYS' FEES

44. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

45. Defendants knew or recklessly disregarded the fact that by brown bagging the seed in question and selling it for reproductive purposes they were willfully infringing federal intellectual property rights.

46. Defendants knowingly sold the brown-bagged seed at a substantial discount compared to what authorized dealers charge for legitimate seed, thus depressing the

comparable price that authorized dealers could receive. Defendants intentionally set their pricing to divert sales from authorized dealers for their own profit.

47. Defendants knowingly and intentionally caused substantial damage to Plaintiff and its authorized representatives and recklessly placed Plaintiff at substantial risk of further misuse of its seed by placing the seed in commerce without notice of its protected status.

48. As the result of Defendants' conduct, Plaintiff has incurred substantial damages, attorney's fees, and costs and will in the future incur additional costs and damages.

49. Defendants' actions, and the inter-related local network associated with a large scale infringement of this magnitude, constitute an exceptional case for which the award of attorney's fees and costs are recoverable pursuant to § 2565 of the PVPA.

50. Treble damages are appropriate pursuant to § 2564 of the PVPA.

## TRIAL DESIGNATIONS

51. Pursuant to D. Kan. R. 40.2, Plaintiff desires that the trial be held in Wichita, Kansas.

52. Plaintiff does not seek a jury trial.

## RELIEF DEMANDED

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Awarding Plaintiff damages in the form of Defendants' profits or a reasonable royalty, whichever is greater;

b) Ordering injunctive relief:

  i. Directing that Defendants make no further sales or use for reproductive purposes of any seed for which Plaintiff holds PVP protection without express authorization from Plaintiff;

  ii. Directing that Defendants identify all fields on which they are cultivating a current TAM 112 hard red winter wheat crop to allow Plaintiff to identify the extent of the infringement and prior to when the defendants harvest and permanently remove the harvest,

        thereby spoliating evidence as to the true extent of infringement; and

    iii.    Account for all sales of all PVP protected seed of Plaintiff, including the names and addresses of all purchasers, the quantity so purchased, and the names and addresses of all seed conditioners associated with such seed.

c)    Awarding prejudgment and post-judgment interest;

d)    Awarding Plaintiff its attorneys' fees, costs, and expenses incurred in this action; and

e)    Awarding such other and further relief as the Court may deem just and proper.

FOULSTON SIEFKIN LLP

By:  s/ Toby Crouse
     Toby Crouse, #20030

9 Corporate Woods, Suite 450
9200 Indian Creek Parkway
Overland Park, Kansas 66210-2017
Telephone: (913) 498-2100
Facsimile: (913) 498-2101
Email:  tcrouse@foulston.com

Mark Murphey Henry (admitted *Pro Hac Vice*)
HENRY LAW FIRM
P. O. Box 8850
Fayetteville, Arkansas 72702
Telephone: (479) 695-1330
Facsimile: (479) 695-1332
Email:  mark@henrylawfirm.net

ATTORNEYS FOR PLAINTIFF

- 13 -

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of February, 2010, I electronically filed the above and foregoing *Amended Complaint* with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    John W. Johnson
    Kristen Wheeler Maloney
    MORRIS, LAING, EVANS, BROCK
       & KENNEDY, CHTD.
    300 N. Mead, Suite 200
    Wichita, KS  67202

                        /s/ Toby Crouse_____