IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| WATLEY SEED COMPANY ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 09-CV-1322 EFM/KMH |
| vs. ) | |
| ) | |
| RICHARD FLAX, ARLEN FLAX, ) | |
| GOLDEN BELT CO-OP ASS'N, INC., ) | |
| DEAN GOTTSCHALK, AUGUST ) | |
| HERMAN, JR., LELAND WERTH, ) | |
| JOHN FISCHER and ) | |
| JOHN DOES 6-50 ) | |
| Defendants. ) | |

## ANSWER TO AMENDED COMPLAINT

COMES NOW Golden Belt Coop Assn Inc., and for its Answer to the Amended Complaint states the following:

1. Defendant Golden Belt Coop Assn Inc., hereinafter referred to as "Golden Belt" admits the allegations of paragraphs 1 and 2 of the Amended Complaint.

2. Defendant Golden Belt has insufficient information to admit or deny the allegations of paragraph 3 of the Amended Complaint.

3. Defendant Golden Belt admits the allegations of paragraphs 4 and 5 of the Amended Complaint.

4. Defendant Golden Belt admits the allegations of the first three sentences of paragraph 6. Defendant Golden Belt denies the allegations of the fourth and fifth sentences of paragraph 6.

5. Defendant Golden Belt has insufficient information to admit or deny the allegations of paragraphs 7, 8 9, 10 and 11 of the Amended Complaint.

6. Defendant Golden Belt has insufficient information to admit or deny the allegations of paragraphs 12, 13, 14, 15, 16 and 17 of the Amended Complaint.

7. Defendant Golden Belt states that paragraphs 18, 19 and 20 of the Amended Complaint appear to be the Plaintiff's analysis of the legal effect of Federal Statutes, and Defendant Golden Belt makes no admission with respect to the Plaintiff's analysis of statute.

8. Defendant Golden Belt has insufficient information to admit or deny the allegations of paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 and 34 of the Amended Complaint.

9. Defendant Golden Belt denies the allegations of paragraph 35 as therein set forth. Defendant Golden Belt admits that it may have weighed, in the normal course of its business operation as a grain elevator, wheat for Golden Belt customers that may have been those referred to by the Plaintiff in the other parts of the Amended Complaint, but denies the allegation that Golden Belt assisted with actual sales to downstream purchasers; and Defendant Golden Belt denies the allegation that it facilitated actual sales to downstream purchasers; that Defendant Golden Belt weighed actual sales to downstream purchasers; and denies that Defendant Golden Belt cleaned TAM 112 wheat in advance of actual sales to downstream

purchasers. Defendant Golden Belt further denies that any act of the Defendant Golden Belt infringed any right that Plaintiff may have had under any circumstance.

10. Defendant Golden Belt has insufficient information to admit or deny the allegations of paragraph 36 of the Amended Complaint.

11. Defendant Golden Belt generally incorporates the allegations and admissions and denials set forth in the preceding portions of this Answer insofar as they apply to the preceding paragraphs of the Plaintiff's Amended Complaint.

12. Defendant Golden Belt specifically denies the allegations of paragraphs 38, 39, 40 and 41 of the Amended Complaint insofar as the use of the collective word "Defendants" is used to refer to, or include, Defendant Golden Belt as an actor with respect to the subject matter of the allegations.

13. Defendant Golden Belt incorporates its admissions and denials with respect to paragraph 42 of the Plaintiff's Amended Complaint all paragraphs in the preceding Answer.

14. Defendant Golden Belt generally denies the allegations of paragraph 43 insofar as it alleges or refers to the general collective term "Defendants" to the extent any part thereof has reference to Defendant Golden Belt.

15. With respect to paragraph 44 of the Amended Complaint, Defendant Golden Belt incorporates all of its admissions, denials and references in the preceding paragraphs of this Answer.

16. Defendant Golden Belt generally denies the allegations of paragraphs 45, 46, 47, 48, 49 and 50 of the Amended Complaint insofar as the general term "Defendants" is meant to be a collective term including Defendant Golden Belt as being referenced thereby.

17. Defendant Golden Belt does hereby generally deny any and all allegations of paragraphs 1 through 50 to the extent it did not set forth in the preceding paragraphs a specific denial.

18. Defendant Golden Belt alleges that the Plaintiff has failed to state a claim upon which relief can be granted to the Plaintiff, and further states that nothing in the Amended Complaint other than the Plaintiff's general allegation of some collective action utilizing the general term "Defendants" which may, or may not, have been intended by the Plaintiff to include the Defendant Golden Belt as a member of that collective term, alleges a specific and cognizant act of Defendant Golden Belt that entitles Plaintiff to relief.

19. Defendant Golden Belt alleges that it is registered under The Kansas Seed Law and has been granted the Authority to Sell Seed Under Business Registration Number: 3136 by the Kansas Department of Agriculture, Topeka, Kansas, and is in the business of weighing grain, among other activities, involved in agricultural business. The weighing of grain, by any entity that may request the same of Golden Belt Coop Assn Inc., is an authorized and legal activity.

20. Defendant Golden Belt has specifically denied that it cleaned the TAM 112 as alleged at paragraph 6 in the Amended Complaint. In further affirmative defense, the Defendant Golden Belt could not have cleaned the TAM 112 inasmuch as it does not have, at its facilities, or in its services offered to its customers, the cleaning of wheat and could not have, under any of the allegations set forth in the Amended Complaint, cleaned wheat, much less the TAM 112 seed wheat alleged in the Amended Complaint.

21. Defendant Golden Belt cannot determine the meaning of the allegation at paragraph 35 that it "assisted with" or "facilitated" the "TAM 112 in advance of actual sales to downstream purchasers" inasmuch as such phrases or words are virtually meaningless unless explained with specificity as to the action that it is alleged by the Plaintiff that Defendant Golden Belt undertook.

WHEREFORE, Defendant Golden Belt Coop Assn Inc. does hereby generally deny the allegations of the Amended Complaint, and specifically, where therein set forth, deny allegations of the Amended Complaint as it specifies some improper, illegal or fraudulent act on the part of Defendant Golden Belt Coop Assn Inc. and does hereby pray that the Plaintiff take nothing by its Amended Complaint with respect to the Defendant Golden Belt Coop Assn Inc., and that this Court grant to the Defendant Golden Belt Assn Inc. such other and further relief as the Court may deem just in the premises.

## COUNTERCLAIM

1. Defendant Golden Belt Coop Assn Inc. incorporates into this Counterclaim all answers, admissions and prayers set forth in its Answer to the Amended Complaint.

2. Defendant Golden Belt Coop Assn Inc. states that the Plaintiff Watley Seed Company has made allegations in its Amended Complaint that Defendant Golden Belt Coop Assn Inc. "was instrumental in the sale or transfer of the TAM 112 wheat seed in the Ellis, Kansas region and facilitated numerous sales by the Flax Defendants with other Defendants."

3. Plaintiff has alleged nothing specific in its Amended Complaint that would establish the truth of such allegation, and the Defendant Golden Belt Coop Assn Inc. alleges that there is no truth in the Plaintiff's allegation, and that such allegation was made recklessly or without sufficient evidence or proof as to the truth of such allegation.

4. Plaintiff alleged, in its Amended Complaint, that Defendant Golden Belt Coop Assn Inc. "assisted with, facilitated, weighed, and/or cleaned the TAM 112 in advance of actual sales to downstream purchasers" and that such acts constituted "infringement of the TAM 112 wheat variety Certificate of Protection."

5. Defendant Golden Belt Coop Assn Inc. alleges that Plaintiff had no evidence of the truth of that allegation, or that it acted in reckless disregard of the truth of such matters, to include such allegations against Defendant Golden Belt Coop Assn Inc. in its Amended Complaint.

6. Defendant Golden Belt Coop Assn Inc. alleges that Plaintiff made no contact with Golden Belt Coop Assn Inc., or any of its officers, to determine

6

the truth of the allegations against Defendant Golden Belt Coop Assn Inc. as set forth in the Amended Complaint, and the allegations against Defendant Golden Belt Coop Assn Inc., were made in reckless disregard of the truth, without an effort for due diligence in the acquisition of appropriate information sufficient to serve as a basis for filing the claim set forth in the Amended Complaint.

7.  Defendant Golden Belt Coop Assn Inc. is entitled to its costs, expenses, and attorney fees necessary for its defense of the allegations set forth in the Amended Complaint.

WHEREFORE, the Defendant Golden Belt Coop Assn Inc. prays that the Court grant judgment to the Defendant Golden Belt Coop Assn Inc. against the Plaintiff for all attorney fees, costs and expenses incurred in this action, and to award the Defendant Golden Belt Coop Assn Inc. such other and further relief as the Court may deem just in the premises.

               ANDERSON & WICHMAN

               BY: /s/Ross Wichman
                 ROSS WICHMAN, #8578
                 P. O. Box 1700
                 Hays, KS 67601
                 Telephone: (785) 625-6519
                 Facsimile:  (785) 625-8651
                 Attorney for Defendant Golden Belt Coop Assn Inc.

**CERTIFICATE OF SERVICE**

      I, Ross Wichman, hereby certify that on February 24, 2010 I electronically filed the above and foregoing Answer to Amended Complaint with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Toby Crouse
9 Corporate Woods, Suite 450
9200 Indian Creek Parkway
Overland Park, KS 66210

Mark Murphey Henry
P O Box 8850
Fayetteville, Arkansas 72702

John W. Johnson
Kristen Wheeler Maloney
300 N. Mean, Suite 200
Wichita, KS 67202

                                              /s/ Ross Wichman
                                              Ross Wichman